UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YESENIA MONGE

       Plaintiff,

         v.              CASE NO.:

THE SCHOOL DISTRICT OF
OSCEOLA COUNTY,

       Defendant
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff YESENIA MONGE (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant THE SCHOOL DISTRICT OF OSCEOLA COUNTY, (hereinafter referred as "Defendant"), and states the following:

## INTRODUCTION

1.    This is a claim by Plaintiff against her former employer for violations of the family Medical Leave Act of 1993 ("FMLA") 29 § 2601 *et seq.;* and the Americans with Disabilities Act, as amended, ("ADA-AA"), 42 U.S.C. 12101, *et seq.;* to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

## JURISDICTION

2.     The acts and omissions giving rise to this action occurred in Osceola County, Florida.

3.     Plaintiff was employed by Defendant in Kissimmee, Florida.

4.     Defendant provides public education to the Osceola County community.

5.     This action at law raises a federal question under federal law, specifically the ADA and FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

6.     Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein and attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## VENUE

7.     Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

8.     Plaintiff worked for Defendant from September 2019 through

January 2020.

9.     Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

10.     At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

11.     Plaintiff is protected by the ADAAA because she suffers from a spinal condition that affects a major life activity and causes chronic pain, therefore, either:

    a.     Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

    b.     Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

    c.     Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

12.     At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

13.     In 2020, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

14.     At all times relevant, Defendant was engaged in an industry affecting commerce.

15.   At all times relevant, Defendant was engaged in an activity affecting commerce.

16.   At all times relevant, Defendant was engaged in commerce within the meaning of 26 U.S.C. § 2611(1).

17.   At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

18.   Defendant employs more than fifty (50) employees within 75 miles of its Kissimmee, Florida facility

## FACTUAL ALLEGATIONS

19.   Plaintiff was hired as an Accountant on or about August 2001.

20.   Plaintiff suffered from a spinal condition that caused her to have chronic pain from the pressure placed on nerves in her neck.

21.   As a result of her spinal condition, Plaintiff's doctor recommended that she have cervical spine surgery to replace two cervical discs.

22.   On or about January 2021, Plaintiff was scheduled to have cervical spine surgery. As a result, she applied for and was granted, leave pursuant to the FMLA.

23.   Following her surgery and prior to returning to work, Plaintiff requested an accommodation under the ADAAA, to work part-time (three days a week) for four months because she was still having medical issues following the surgery.

24.     Plaintiff submitted the supporting medical documentation from her doctor.  However, the School District only approved her part-time basis for three weeks instead of four months.

25.     The reason they gave Plaintiff for not approving her accommodation was that they were too busy for her to work on a part-time basis.

26.     However, while Plaintiff was out on FMLA leave, the School Board filled her position with a part-time employee.

27.     Interestingly, the part-time person assuming Plaintiff's duties, only worked two days a week.

28.     On March 17, 2021, Plaintiff returned to work on a part-time basis with ADA accommodations through April 7, 2021.

29.     Plaintiff's work restrictions included no lifting over 30 pounds, no twisting or bending and the ability to work limited hours.

30.     Most of Plaintiff's time at work was spent sitting at a desk so physical restrictions did not affect her job duties.

31.     On April 7, 2021, Plaintiff was scheduled to be cleared to return to full work duty but she started having additional complications from the surgery.

32.     As a result, Plaintiff's doctor was not able to release her to work more than the recommended part-time hours.

33.     When Plaintiff made a second request for an accommodation, her request was denied and Plaintiff was told that because her doctor would not

release her, the School District could not accommodate her anymore.

34.     The School District gave Plaintiff the agonizing choice of either returning to work on a full-time basis or placing her on leave of absence and filling her position.  Ultimately forcing her into retirement.

35.     On June 24, 2021, Plaintiff filed an EEOC charge regarding her discriminatory and retaliatory termination.

36.      Defendant violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

37.     At all times Plaintiff was qualified for her position.

38.     At all times Plaintiff was able to perform the essential functions of her job.

39.     At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

40.      Defendant's actions constitute discrimination in violation of the ADAAA.

41.     Defendant's actions constitute retaliation in violation of the ADAAA.

42.     In 2019, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

43.     In 2020, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

44.     In 2021, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

45.     As of the date, Plaintiff had been employed by defendant at least twelve (12) months prior to her request for FMLA leave.

46.     Plaintiff provided Defendant with documents from her physicians which confirmed her medical condition.

47.     Defendant's actions interfered with Plaintiff's rights under the FMLA.

## COUNT I - INTERFERENCE UNDER THE FMLA

48.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-22, 26-27, 37-39 and 42-47, above as if fully set forth herein.

49.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

50.     Defendant' was Plaintiff's employer as defined by the FMLA.

51.     Defendant' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

52.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to

compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

53.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

54.    Defendant' violations of the FMLA were willful.

55.    Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b.    judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.    judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    declaratory judgment that Defendant' practices toward Plaintiff violate her rights under the FMLA; and

f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

56.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-22, 26-27, 37-39 and 42-47 above as if fully set forth herein.

57.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

58.     Defendant were Plaintiff's employer as defined by the FMLA.

59.     Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

60.     Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

61.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

62.     Defendant' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

63.     Defendant' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

64.     Defendant' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

9

65.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

66.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

67.    Defendant' violations of the FMLA were willful.

68.    Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b.    judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.    judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.      declaratory judgment that Defendant practices toward Plaintiff violate her rights under the FMLA; and

f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III - DISABILITY DISCRIMINATION

69.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-21, 23-25, and 28-41 above as if fully set forth herein.

70.    Plaintiff was a qualified individual with a disability.

71.    Plaintiff was perceived as disabled by Defendants.

72.    Defendant was Plaintiff's employer as defined by the ADAAA.

73.    Defendant discriminated against Plaintiff because of her disability in violation of the ADAAA.

74.    Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the ADAAA.

75.    Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

76.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

77.    Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

78.     As direct, natural, proximate and foreseeable results of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

79.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

80.     Defendant's violation of the ADAAA were willful.

81.     Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a.      judgment in her favor and against Defendant for violation of the disability association provisions of the ADAAA;

b.      judgment in her favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.      judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

d.      judgment in her favor and against Defendant for punitive

damages;

e.     judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

f.     Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV - RETALIATION IN VIOLATION OF THE ADAAA

82.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-21, 23-25, and 28-41 above as if fully set forth herein.

83.    Plaintiff requested a reasonable accommodation for her disability. This constituted protected activity under the ADAAA.

84.    Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's request for accommodation.

85.    As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

86.    The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

87. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

88. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b. judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c. judgment against Defendant for compensatory damages;

d. judgment against Defendant for punitive damages;

e. Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

f. Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

14

g.      Granting such other and further relief as the Court deems

just.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be

submitted to and determined by a jury except those issues expressly reserved by

law for determination by the Court.

DATED this 7th day of October, 2021.

Respectfully submitted,

**s/Bruce A. Mount**
Anthony Hall, Esq.
FL Bar No.: 40924
Bruce A. Mount, Esq.
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

**Attorneys for Plaintiff**